POTTER *v.* SUMNER.

PLEADING.—A mortgagee, where the mortgaged property has been sold at' sheriff's sale, upon a judgment fraudulently procured in favor of another person, may institute his action to set aside the sheriff's sale, without, at the same time, suing for the foreclosure of his mortgage, and his mortgage, or a copy of it, need not, in such case, be filed with the complaint.

APPEAL from the *White* Circuit Court.

HANNA, J.—This was a proceeding to set aside a sheriff's sale of lands. The complaint was filed by *Sumner*, a junior incumbrancer, and charges that *Jones*, one of the defendants below, sold said lands to one *Walden*, and took a mortgage to secure the purchase money, and afterwards obtained a judgment and decree of foreclosure thereon for, &c.; that after the purchase by *Walden*, and previous to the said foreclosure, said *Walden* and wife executed a mortgage to secure the repayment of 1,000 dollars to said *Sumner;* that *Walden* appealed from said decree to the Supreme Court, during the pendancy of which said *Potter* purchased said land of said *Walden*, for 2,800 dollars; that by the terms of the contract of purchase, he was, among other things, to pay said decree to *Jones*, and said *Walden* was to dismiss said appeal, which he did; and was to pay the debt of said *Sumner*, of which arrangement he was informed by said *Potter* and said *Walden;* that afterwards said *Potter* and *Jones* fraudulently combined to cheat said *Sumner*, and caused an order of sale to be issued, and said land sold thereon, from said decree, and said *Potter* became the purchaser at about 200 dollars, and claims to hold said land clear of said junior's lien; although he had repeatedly represented to plaintiff that said decree was satisfied, and that he was to pay plaintiff's debt. Prayer that the sale be set aside as fraudulent.

Demurrer to the complaint overruled.

Potter *v.* Sumner.

Two objections are taken to the complaint: 1st., that the mortgage to *Sumner*, or a copy of it, does not accompany the complaint. 2d., that he did not seek the proper remedy. It is insisted that the suit is founded on the mortgage, and the remedy sought should have been its foreclosure and a decree for the amount due thereon.

Evidently, it was the intention of the pleader, in the case at bar, to procure an order setting aside the sale. If it had been his purpose to obtain a judgment for the amount of his debt, and to foreclose his mortgage, he would have made the mortgagor a party. This he did not do. He does not show that he desired a judgment for his debt; but that he wanted to clear away certain proceedings and evidence of title, which he alleges were in fraud of his security, which he held for the ultimate repayment of his claim. It is, perhaps, true, that unless he held a valid debt, &c., against *Walden*, he could not have proceeded in the manner he attempted. But it appears to us that the purpose of the suit, the gist of the action, was to get rid of the effect of the alleged fraud, by which *Potter* was absorbing the property, which otherwise would be subject to the debts of *Walden*.

Without doubt, in addition to the amounts in this complaint and the remedy prayed, the complainant might have sought the collection of his debt, in the same proceeding. But we do not think he was obliged to do so, or fail in that for which he does ask relief.

*Per Curiam.*—The judgment is affirmed, with costs.

*H. W. Chase* and *J. A. Wilstach*, for the appellant.

*D. Mace* and *W. C. Wilson*, for the appellee.